[No. 65348-2-I. Division One. November 21, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. NICHOLAS ANTHONY PAPPAS, *Appellant*.

918

*Thomas M. Kummerow* and *Vanessa Mi-jo Lee* (of Washington Appellate Project), for appellant.

*Mark K. Roe, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for respondent.

¶1 DWYER, C.J. — Where a jury finds by special verdict that the injuries sustained by a vehicular assault victim constitute bodily harm which substantially exceeds that necessary to satisfy the elements of the offense, the trial court may impose a sentence beyond the standard sentence range for that crime. Here, the jury made such a finding, thus authorizing the exceptional sentence imposed. Accordingly, we affirm.

I

¶2 Nicholas Pappas was charged with vehicular assault based upon a motorcycle collision in which his victim, Melanie Thielman, sustained severe injuries. Thielman, who was thrown from Pappas's motorcycle when he drove into a telephone pole, suffered a severe brain injury as a result of the collision. The State sought an exceptional sentence based upon the severity of Thielman's injuries.

¶3 The jury convicted Pappas of vehicular assault, finding that he had operated a motor vehicle with disregard for the safety of others and thereby caused "substantial bodily harm" to another. RCW 46.61.522. In addition to so finding, the jury, by special verdict, also found that Thielman's injuries substantially exceeded the level of bodily harm necessary to constitute "substantial bodily harm." *See* RCW 9.94A.535(3)(y). Based upon the jury's finding of the alleged aggravating factor, the trial court imposed a sentence beyond the standard sentence range.

¶4 Pappas appeals.

## II

¶5 In his sole assignment of error, Pappas contends that the trial court erred, as a matter of law, by imposing an exceptional sentence based upon the severity of the victim's injuries, which, he asserts, can never be the proper basis for an exceptional sentence where the underlying crime is vehicular assault. We disagree.

¶6 We review the trial court's imposition of an exceptional sentence pursuant to the standards set forth in RCW 9.94A.585(4), which provides:

> To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

Pappas contends neither that insufficient evidence supports the jury finding upon which the trial court relied in imposing the exceptional sentence nor that the sentence imposed was excessive. Thus, the sole issue raised by Pappas on appeal is whether the jury finding justifies the imposition of the exceptional sentence.

¶7 A trial court "may impose a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. Prior to the 2005 amendments to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, our Supreme Court had determined that "particularly severe injuries may be used to justify an exceptional sentence" only where the bodily harm sustained by a victim is "greater than that contemplated by the Legislature in setting the standard range." *State v. Cardenas*, 129 Wn.2d 1, 6, 914 P.2d 57 (1996). However, pursuant to the 2005 amendments, which codified the aggravating circumstances that can be used to support an exceptional sentence, such a sentence may be imposed where "[t]he victim's injuries substantially exceed the level of bodily harm necessary to satisfy the elements of the offense." RCW 9.94A.535(3)(y).

■ ¶8 Our Supreme Court recently recognized that this statutory aggravating circumstance "creates a somewhat different test than we have employed in the past." *State v. Stubbs*, 170 Wn.2d 117, 128, 240 P.3d 143 (2010). Rather than "looking at the bodily harm element of the offense to see if the victim's injuries fit within the definition of that element," the statute "directs the trier of fact to measure the victim's actual injuries against the minimum injury that would satisfy" the bodily harm element of the offense and to determine whether those injuries "substantially exceed" the harm required for conviction. *Stubbs*, 170 Wn.2d at 128-29.

¶9 There, Stubbs was convicted of assault in the first degree and received an exceptional sentence based upon the severity of the victim's injuries. *Stubbs*, 170 Wn.2d at 119. The jury found, as an element of the offense, that Stubbs had inflicted " 'great bodily harm' " upon the victim of the assault. *Stubbs*, 170 Wn.2d at 119. The jury additionally found, by special verdict, that the victim's injuries substantially exceeded the level of bodily harm necessary to satisfy the elements of the crime, and the trial court imposed an

exceptional sentence based upon that finding. *Stubbs*, 170 Wn.2d at 122. Our Supreme Court held that pursuant to the SRA's statutory sentencing scheme, "no injury can 'substantially exceed' the level of bodily harm necessary to satisfy the element of 'great bodily harm.'" *Stubbs*, 170 Wn.2d at 131. Rather, the court determined, one case of "great bodily harm" "is not qualitatively different than another case. Such a leap is best understood as the jump from 'bodily harm' to 'substantial bodily harm,' or from 'substantial bodily harm' to 'great bodily harm.' That is what is meant by '*substantially* exceeds.'" *Stubbs*, 170 Wn.2d at 130.

¶10 Pappas asserts that an exceptional sentence for vehicular assault can never be imposed based upon the severity of the victim's injuries and, thus, that the jury finding here cannot support the sentence that he received.[1] *Stubbs* does not support this contention. According to *Stubbs*, "substantially exceed" can be understood as "the jump from 'bodily harm' to 'substantial bodily harm,' or from 'substantial bodily harm' to 'great bodily harm.'" 170 Wn.2d at 130.[2] Because only "substantial bodily harm" is

---

[1] Pappas cites to *Cardenas*, 129 Wn.2d 1, and *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986), in support of his contention that the severity of a vehicular assault victim's injuries can never justify the imposition of an exceptional sentence. However, when those cases were decided, the vehicular assault statute required that the victim sustain "serious bodily injury"—defined as "'bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body'"—in order to convict a defendant of that crime. *Cardenas*, 129 Wn.2d at 6 (quoting former RCW 46.61.522(2) (1983)). Because our Supreme Court found that the injuries sustained by the victims in the cases cited were considered by the legislature in defining the crime, the court determined that an exceptional sentence could not be imposed based upon those injuries. *Cardenas*, 129 Wn.2d at 6-7; *Nordby*, 106 Wn.2d at 519. The vehicular assault statute has since been amended, however, and now requires that the victim sustain "substantial bodily harm," a level of bodily harm lower than that of "great bodily harm." RCW 46.61.522.

[2] Our legislature has defined three levels of bodily harm—in ascending order, they are "bodily harm," "substantial bodily harm," and "great bodily harm." RCW 9A.04.110(4)(a), (b), (c). "Bodily harm" consists of "physical pain or injury, illness, or an impairment of physical condition." RCW 9A.04.110(4)(a). "Substantial bodily harm," required for conviction of vehicular assault,

required for conviction of vehicular assault, and because a higher level of bodily harm—"great bodily harm"—has been defined by our legislature, *Stubbs* does not legally foreclose the imposition of an exceptional sentence in a vehicular assault case based upon the aggravating circumstance set forth in RCW 9.94A.535(3)(y). Rather, such a sentence may be imposed where the victim's injuries constitute "great bodily harm." *See Stubbs*, 170 Wn.2d at 130.

¶11 Pappas does not challenge the sufficiency of the evidence supporting the jury finding that Thielman's injuries substantially exceed the benchmark of "substantial bodily harm"—nor could he.[3] Thielman suffered a severe brain injury as a result of the collision. Consequently, she has little control over the left side of her body, she cannot eat or bathe unassisted, and she can barely talk. Due to this injury, Thielman will require care for the rest of her life. Moreover, there is no question that these injuries constitute "great bodily harm," defined by our legislature as "bodily injury which creates a probability of death, or which causes significant serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ." RCW 9A.04.110(4)(c).

¶12 The jury found that the injuries sustained by Thielman substantially exceeded the level of bodily harm

---

means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part.

RCW 9A.04.110(4)(b); *see also* RCW 46.61.522(3). "Great bodily harm," the highest level of bodily harm defined by our legislature,

means bodily injury which creates a probability of death, or which causes significant serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ.

RCW 9A.04.110(4)(c).

[3] Nor does Pappas assign error to the trial court's instruction to the jury regarding the alleged aggravating circumstance. Indeed, any such claim of error, had it been asserted on appeal, would nonetheless be waived, as Pappas did not object to the court's instruction on the matter at trial. *See State v. Gordon*, 172 Wn.2d 671, 260 P.3d 884 (2011).

necessary to constitute substantial bodily harm, an element of the offense of vehicular assault. Those injuries are, indeed, clearly encompassed within our legislature's definition of "great bodily harm." Thus, the jury's special verdict finding authorized the exceptional sentence imposed. The trial court did not err.

¶13 Affirmed.

GROSSE, J., concurs.

¶14 Cox, J. (concurring) — I agree with the majority that Nicholas Pappas cannot prevail in this appeal. For the reasons stated in my special concurrence in *State v. Duncalf*,[4] I write separately in this case to state my belief that an instruction defining "substantially exceed" should be required in future cases of this type where a jury is considering aggravating circumstances.[5] Nevertheless, I concur in the result reached by the majority in this case.

Review granted at 173 Wn.2d 1026 (2012).

---

[4] *State v. Duncalf*, 164 Wn. App. 900, 912, 267 P.3d 414 (2011) (Cox, J., concurring).

[5] *State v. Stubbs*, 170 Wn.2d 117, 129, 240 P.3d 143 (2010) ("substantially exceed" means that the injuries sustained by the defendant reached the level of bodily harm necessary to satisfy the elements of the greater offense, not charged).